# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:12-CR-68-TLS |
| | ) | |
| JASON BRIDGES | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Jason Bridges' Opposed Petition for Reduction of Sentence Due to Amendment Sentencing Guidelines [ECF No. 106]. On October 31, 2012, Defendant Jason Bridges pled guilty to possession with intent to distribute more than 100 marijuana plants and less than 50 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). The Court found that the instant offense was a controlled substance offense and that the Defendant had at least two prior convictions that qualified as either a "crime of violence" or "controlled substance offense." The Defendant has previous convictions for both burglary and robbery. On October 30, 2013, the Court sentenced the Defendant to 100 months.

On June 20, 2016, the Defendant filed a Motion to Correct Sentence under 28 U.S.C. § 2255 [ECF No. 89], based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which the Court ultimately denied on November 14, 2017 [ECF No. 108]. The Defendant's present Petition seeks to reduce his sentence based on Amendments 782 and 798 to the Sentencing Guidelines.

## DISCUSSION

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). An exception exists

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) (noting that a court may reduce a sentence under § 3582(c)(2) "if (1) the original sentence was 'based on' a subsequently lowered sentencing range and (2) the reduction is consistent with the policy statements issued by the Commission"). A reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with the applicable policy statement if an "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, Application Note 1(A).

The Court has already addressed the Defendant's arguments based on Amendment 798 in its November 14, 2017 Order [ECF No. 107].

The Defendant cites to Amendment 782 to the Sentencing Guidelines, which reduced by two levels the base offense levels assigned to drug quantities in § 2D1.1. In the instant case, this Guideline amendment does not have the effect of lowering the Guideline range that is applicable to the Defendant. Even after reducing the Defendant's base offense level for the controlled substance offenses, *see* U.S.S.G. § 2D1.1, the overall guideline range remains unchanged due to the application of the career offender provision. *See United States v. Williams*, 694 F.3d 917 (7th Cir. 2012); *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011) ("Because the amendments leave the career-offender guideline unchanged and [the defendant's] offense level

. . . and criminal-history category . . . were based on that guideline, *see* U.S.S.G. § 4B1.1(b), the amendments do not affect [the defendant's] applicable guidelines range."). As the Court has previously ruled, the Defendant remains a career offender despite the Supreme Court's decision in *Johnson*. (*See* ECF No. 107.) Accordingly, the Defendant was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and the relief he requests is not available.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Opposed Petition for Reduction of Sentence Due to Amendment Sentencing Guidelines [ECF No. 106].

SO ORDERED on January 16, 2018.

      s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT